FILED IN MY OFFICE
DISTRICT COURT CLERK
4/17/2014 3:57:41 PM
STEPHEN T. PACHECO
rlr

**FIRST JUDICIAL DISTRICT COURT**
**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**

**DAVID ARELLANES,**

    **Plaintiff,**

**vs.**

                             Cause No. D-101-CV-2014-00952

**STATE FARM INSURANCE COMPANY,**
**DAIRYLAND INSURANCE COMPANY,**
**and ALLSTATE INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

COMES NOW Plaintiff, David Arellanes ("Plaintiff"), by and through his undersigned attorney, Linda G. Hemphill, The Hemphill Firm P.C., and for his Complaint against Defendants, State Farm Insurance Company ("State Farm"), Dairyland Insurance Company ("Dairyland"), Allstate Insurance Company ("Allstate"), states as follows:

### Parties

1.    Plaintiff is currently a resident of Santa Fe County, New Mexico.

2.    Upon information and belief, Defendant State Farm Insurance Company ("State Farm") is and was at all times material hereto an insurance company authorized to do business in New Mexico and did business in Santa Fe County, New Mexico. Pursuant to NMSA 1978, Section 59A-5-31, the New Mexico Superintendent of Insurance has been appointed as State Farm's agent for service of process in this matter.

3.    Upon information and belief, Defendant Dairyland Insurance Company ("Dairyland") is and was at all times material hereto an insurance company authorized to do business in New Mexico and did business in Santa Fe County, New Mexico. Pursuant to NMSA


EXHIBIT A

1978, Section 59A-5-31, the New Mexico Superintendent of Insurance has been appointed as Dairyland's agent for service of process in this matter.

4.     Upon information and belief, Defendant Allstate Insurance Company ("Allstate") is and was at all times material hereto an insurance company authorized to do business in New Mexico and did business in Santa Fe County, New Mexico.  Pursuant to NMSA 1978, Section 59A-5-31, the New Mexico Superintendent of Insurance has been appointed as Allstate's agent for service of process in this matter.

5.     Plaintiff is a Class One insured under an automobile liability policy issued by State Farm (the "State Farm Policy") and purchased pursuant to a statutory mandate contained in the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, §66-5-201 et. seq.  Plaintiff presents his underinsured motorist claim for adjudication by this Court pursuant to the provisions of the Policy.

6.     Plaintiff is a Class One insured under an automobile liability policy issued by Dairyland (the "Dairyland Policy") and purchased pursuant to a statutory mandate contained in the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, §66-5-201 et. seq.  Plaintiff presents his underinsured motorist claim for adjudication by this Court pursuant to the provisions of the Policy.

7.     Plaintiff is a Class One insured under an automobile liability policy issued by Allstate (the "Allstate Policy") and purchased pursuant to a statutory mandate contained in the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, §66-5-201 et. seq.  Plaintiff presents his underinsured motorist claim for adjudication by this Court pursuant to the provisions of the Policy.

8.     This Court has jurisdiction over the parties hereto and the subject matter hereof.

2

Venue is proper in the First Judicial District Court.

General Allegations

9.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-8, above, as though set forth in detail.

10.     On July 2, 2011, Plaintiff was in a vehicle traveling east on Paseo Del Norte Blvd., N.E. in Albuquerque, New Mexico.  He stopped at a traffic light at the intersection of Paseo Del Norte Blvd. NE and Wyoming Blvd., N.E. when his vehicle was abruptly and unexpectedly struck on the driver's side by a vehicle driven by Philip Pickard ("Pickard").

11.     As a direct and proximate result of the negligence of Pickard, Plaintiff sustained severe and painful injuries to his body, has incurred medical bills, lost wages, and other out-of-pocket losses, and may have permanent damages or injuries, including loss of future earning capacity, and has and will sustain damages for pain and suffering, loss of enjoyment of life and loss of household services, all in an amount to be proved at trial.

12.     With the consent of representatives from State Farm, Dairyland and Allstate, Plaintiff settled all claims against Pickard.

13.     Plaintiff subsequently accepted a settlement in the amount of "primary" coverage from Dairyland which insured the vehicle involved in the collision.  Subsequent to his settlement with Dairyland, Plaintiff made demand on all three Defendants in this case to compensate him for the injuries and losses he sustained, but none of the Defendants have provided any offer to settle Plaintiff's claims.  Plaintiff reserves the right to bring claims against Defendants in a future and separate proceeding related to their bad faith handling of his claim and failure to make a reasonable offer of settlement after liability became clear.

Count I. (Negligence/Negligence Per Se and Claim for Underinsured Motorist Coverage)

3

14.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-13, above, as though set forth in detail.

15.     At the time of the collision described in paragraphs 10, above, Pickard operated his vehicle in a negligent manner, without any negligence on the part of Plaintiff contributing thereto.

16.     Pickard's acts of negligence included, but are not limited to the following:

(a) careless driving;

(b) reckless driving;

(c) failure to operate their vehicles in a safe and reasonable manner;

(d) failure to keep a proper lookout;

(e) driver inattention; and

(f) driving a vehicle in violation of existing ordinances and statutes'

17.     Upon information and belief, Pickard's actions were willful, wanton or in reckless disregard of Plaintiff's safety, entitling Plaintiff to an award of punitive damages herein.

18.     State Farm is liable to Plaintiff for the negligence of Pickard, under the State Farm Policy's Uninsured/Underinsured Motorist Coverage sections and is obligated to pay Plaintiff compensatory damages and punitive damages in amounts to be proved at trial herein, less any offset to which it is entitled by law.

19.     Dairyland is liable to Plaintiff for the negligence of Pickard, under the Dairyland Policy's Uninsured/Underinsured Motorist Coverage sections and is obligated to pay Plaintiff compensatory damages and punitive damages in amounts to be proved at trial herein, less any offset to which it is entitled by law.

20.     Allstate is liable to Plaintiff for the negligence of Pickard, under the Policy's Uninsured/Underinsured Motorist Coverage sections, for compensatory damages and punitive

4

Uninsured/Underinsured Motorist Coverage sections and is obligated to pay Plaintiff compensatory damages and punitive damages in amounts to be proved at trial herein, less any offset to which it is entitled by law.

WHEREFORE Plaintiff prays for judgment against Defendants, in an amount to be determined at trial, for compensatory damages, punitive damages, his costs of this action, for appropriate interest at the statutory rate, including pre-judgment interest and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE HEMPHILL FIRM, P.C.

By: /s/Linda G. Hemphill, Esq.
Linda G. Hemphill, Esq.
P.O. Box 33136
Santa Fe, New Mexico  87594
(505) 986-8515

Attorney for Plaintiff