IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID ARELLANES

      Plaintiff,

v.                                        CIV. No. 14-431 RB/SCY

STATE FARM INSURANCE CO., *et al.*,

      Defendants.

**ORDER ADOPTING THE**
**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN AND**
**SETTING CASE MANAGEMENT DEADLINES**

THIS MATTER came before the Court on a Rule 16 scheduling conference held on August 7, 2014. Following a review of the attorneys' Joint Status Report and Provisional Discovery Plan, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)     Maximum of fifty (50) Interrogatories between Plaintiff and Defendants;

    b)     Maximum of twenty-five (25) Requests for Production between Plaintiff and Defendants;

    c)     Maximum of twenty-five (25) Requests for Admission between Plaintiff and Defendants;

    d)     Maximum of ten (10) depositions by Plaintiff and ten (10) depositions collectively by Defendants; and

    e)     Depositions of parties, Rule 30(b)(6) designees and experts are limited to seven (7) hours, and depositions of all other witnesses are limited to four (4) hours, unless extended by agreement of the parties.

The following case management deadlines have been set:

| | | |
|---|---|---|
| a) | Deadline for Plaintiff to amend pleadings or add additional parties: | August 31, 2014 |
| b) | Deadline for Defendants to amend pleadings or add additional parties: | September 15, 2014 |
| c) | Plaintiff's Rule 26(a)(2) expert disclosure[1]: | November 5, 2014 |
| d) | Defendants' Rule 26(a)(2) expert disclosure[1]: | December 5, 2014 |
| e) | Termination date for discovery: | March 1, 2015 |
| f) | Motions relating to discovery to be filed by: | March 25, 2015 |
| g) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by: | April 6, 2015 |
| h) | Pretrial Order: Plaintiff to Defendants by: | May 20, 2015 |
| | Defendants to Court by: | June 3, 2015 |

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

---

[1] All expert witnesses must be disclosed by this date, but only those who are retained or specifically employed to provide expert testimony must submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.*, 493 F.Supp.2d 1174 (D.N.M. 2007), *and Blodgett v. United States*, 2008 WL 1944011 (D. Utah). Treating physicians testifying as to causation and diagnosis may provide expert testimony under Rule 702 of the Federal Rules of Evidence without providing a report and the other disclosures required under Rule 26, providing they limit "the scope of their opinion testimony to conclusions drawn from their own examination and treatment of the patient." *Jacks v. Regis Corp.*, Civ. No. 99-1391, Memorandum Opinion and Order at 2 (D.N.M. April 2001)(Smith, M.J.); *Sturgeon v. ABF Freight Systems, Inc.*, Civ. No. 02-1317, Memorandum Opinion and Order at 2-4(D.N.M., Jan. 2004)(Browning, J.O.). The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.