IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID ARELLANES

    Plaintiff,

v.                                                              CIV. No. 14-431 RB/SCY

STATE FARM INSURANCE CO., *et al.*,

    Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **November 6, 2014, at 9:00 a.m**., at the Pete V. Domenici United States Courthouse, ADR Rooms 3 and 3, third floor, 333 Lomas Blvd., N.W., Albuquerque, New Mexico.[1]  An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). *See* D.N.M.LR-Civ. 16.2(c).

A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement.  An excusal request must be made in writing five (5) calendar days before the conference e. *See* D.N.M.LR-Civ. 16.2(d).

---

[1] Counsel and parties need not report to my chambers but are to go directly to the ADR rooms.  Counsel are allowed to have cell phones, including a cell phone with a camera.  Clients and representatives are not allowed to have a cell phone, or any kind of recording device.

**At least twelve (12) calendar days** prior to the date of the settlement conference, Plaintiff's counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.  **At least eight (8) calendar days** before the settlement conference, defense counsel shall serve on Plaintiff's counsel a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[2]  Each of these letters typically should be five (5) pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the settlement conference.

Plaintiff's counsel shall provide copies of these letters to my chambers **no later than five (5) calendar days** before the conference.

In addition, **at least five (5) calendar days** before the conference, each party must provide me, in confidence, a concise letter (typically no more than 10 pages) that shall contain the relevant facts; analysis of the applicable law; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; and status of settlement negotiations to date.   As should be apparent, this confidential letter must not be a mere restatement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  In addition to discussing the case, these letters

---

[2]  The settlement offer must be definite, meaning that it must state a single amount with no variables.  For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

should also list the individuals who will attend the settlement conference for that party and a brief statement as to their role/position in the case.  In particular, if an insurer is a party in interest in the case but does not intend to send a representative to the settlement conference because the insurer has given an individual attending the conference authority to act on the insurer's behalf, then the letter should indicate this fact explicitly.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least seven (7) calendar days before the conference.

When sending the above-described letters to the Court, the parties may do so by facsimile (505-348-2275), by mail, or by electronic mail (scyproposedtext@nmcourt.fed.us), as long as the statement arrives in my chambers by the deadline.  It is not necessary to send an original if the statement is sent by facsimile.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (*e.g.* insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**